IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Blevins,   Case No. 3:08 CV 2504

        Petitioner,   MEMORANDUM OPINION AND ORDER

-vs-   JUDGE JACK ZOUHARY

Nancy Hardin Rogers,

        Respondent.

## INTRODUCTION

*Pro se* Petitioner Jeremy Blevins, a prisoner in state custody at the Lebanon Correctional Institute in Lebanon, Ohio, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1), alleging his detention violates the Fourth Amendment. This Court has jurisdiction under 28 U.S.C. § 2254(a). ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate recommended this Court deny the Petition (Doc. No. 15). Petitioner filed an Objection to the R&R (Doc. No. 16). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural history from the record, and this Court adopts that portion of the R&R in its entirety (Doc. No. 15, pp. 2-7).

As a brief background, on January 20, 2006, a state magistrate judge issued an anticipatory search warrant for Petitioner's residence. The warrant was based on police detectives' observations of Petitioner engaging in drug-related activity. The anticipatory warrant could be executed only "on the completion of a delivery of crack cocain[e] or powder cocain[e]." Later that evening, police witnessed Petitioner engage in suspicious activity for about forty-five minutes in his kitchen. Shortly thereafter, Petitioner left his house and drove to a parking lot where he was joined by another individual. Police conducted a traffic stop because Petitioner was driving on a suspended license. During the subsequent search of Petitioner's vehicle, police found more than eleven grams of recently cooked crack cocaine in the passenger door compartment. The arresting officers then radioed officers at Petitioner's home to commence a search of the premises. The search of the home yielded more drugs and a large amount of cash (Doc. No. 15, pp. 2-4).

A grand jury indicted Petitioner on various state law drug charges. Petitioner filed a motion to suppress any evidence obtained from the search of his home. In his motion, Petitioner argued the triggering condition for the anticipatory search -- a cocaine delivery -- was never satisfied, and therefore the search of his home was unconstitutional. The trial court denied the motion to suppress, holding the triggering condition had in fact been satisfied. Subsequently, Petitioner entered a plea of no contest and was sentenced to a mandatory prison term of eight years (Doc. No. 15, p. 5).

The Court of Appeals for the Third Appellate District affirmed the trial court's denial of the motion to suppress. On May 21, 2008, the Ohio Supreme Court declined to hear the case and dismissed the appeal as not involving any substantial constitutional question. Having exhausted his state court appeal rights, Petitioner timely filed this Petition on October 22, 2008 (Doc. No. 15, p. 6).

2

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision. A court should grant the writ only if a state court arrives at a conclusion that is "contrary to" or an "unreasonable application of" clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of Section 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law, or if the state court decides a case differently than a Supreme Court decision on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of a petitioner's case. *Id.* at 413. The "unreasonable application" standard requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409. Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

**ANALYSIS**

Petitioner's sole ground for relief is a Fourth Amendment violation. Petitioner argues the evidence obtained from his home on January 20, 2006 was the result of an unconstitutional search and

3

seizure. Respondent argues Petitioner's Fourth Amendment claim is not cognizable under the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnote omitted). Petitioner contends the state courts denied him a full and fair opportunity to litigate his Fourth Amendment claim.

The Sixth Circuit has developed a two step inquiry for applying the rule of *Stone*. *Riley v. Gray*, 674 F.2d 522, 526-27 (6th Cir. 1982). First, the habeas court "must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim." *Id.* at 526. Second, the court "must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* At this second step, courts should look for "unanticipated and unforeseeable application[s] of a procedural rule which prevent[] state court consideration of the merits of the claim." *Id.* at 527.[1] The holdings of *Stone* and *Riley* are still valid under the revised habeas standards of AEDPA. *See, e.g.*, *Smith v. Bradshaw*, 2006 WL 2233211, at *4 (N.D. Ohio 2006) ("Though . . . *Stone* predates the AEDPA, analysis under both sources of law is not inconsistent.").

Here, it is clear that Ohio's procedures satisfy the first inquiry. Ohio Criminal Rule 12(C)(3) provides a defendant the opportunity to raise pretrial motions to suppress illegally obtained evidence.

---

[1] Petitioner urges this Court to apply the approach used in *Gamble v. Oklahoma*, 583 F.2d 1161 (10th Cir. 1978), as the appropriate standard for the second inquiry. Under *Gamble*, this Court would review the merits of the Fourth Amendment claim to determine if the state courts "wilfully refuse[d] to apply the correct and controlling constitutional standards." *Id.* at 1165. However, the Sixth Circuit has expressly rejected the approach used in *Gamble* as "inconsistent with *Stone's* assumption that state courts are as capable of deciding fourth amendment issues as federal courts." *Riley*, 674 F.2d at 525. Accordingly, this Court shall not follow *Gamble*. However, even under the *Gamble* standard, there is no indication the state courts "wilfully refused" to consider the correct legal rules.

Additionally, a defendant may directly appeal the denial of a suppression motion. *See* Ohio App. Rules 3(A) & 5(A). Thus, Ohio has procedures which properly "afford[] a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision." *Riley*, 674 F.2d at 526; *see also Jackson v. Anderson*, 141 F. Supp. 2d 811, 837 (N.D. Ohio 2001) (finding that Ohio's procedures satisfied the first prong of the *Riley* test).

As to the second inquiry, Petitioner was able to present his Fourth Amendment claims in his initial motion to suppress (Doc. No. 11, Ex. 6) and later on appeal (Doc. No. 11, Ex. 14). Both the state trial court and the state appellate court fully considered his arguments before concluding there was no Fourth Amendment violation. In these circumstances, Petitioner "received all the process he was due." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Accordingly, any claims concerning the validity of the search warrant are not cognizable on habeas review under *Stone*.

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate's recommendation and denies the Petition for a Writ of Habeas Corpus. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 19, 2010